ELLIS v. MILLER et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

INSTRUCTIONS—INFERENCES FROM EVIDENCE.

The court should instruct the jury, in answer to their question, as to what inference may be drawn from the receipt by defendants of a letter from plaintiff, claiming a contract was broken, and invoices subsequently sent them by him, as to which he writes that the same terms are made therein as in the old contract, which was broken.

Appeal from trial term, New York county.

Action by Herman Ellis against Leopold Miller and another. In letter from plaintiff to defendants he says, "In this invoice we make

terms the same as in old contract, which was broken." From order setting aside verdict and granting a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

M. S. Guiterman, for appellants.

Theron G. Strong, for respondent.

INGRAHAM, J. The action was brought to recover for goods sold and delivered. The plaintiff's cause of action was admitted, but the defendants set up two counterclaims, based upon a contract between the plaintiff and the defendants, with which it is alleged the plaintiff has refused to comply, and by reason whereof the defendants have sustained damage in the sum of $20,166.66, for which sum they demand judgment against the plaintiff. It is quite evident from the charge of the court, and the questions asked by the jury, which the court did not answer, that their verdict, as rendered, was not the verdict that they intended. We may surmise from the form of the verdict as first rendered that they intended to allow the defendants the sum of $3,750, and the plaintiff the amount admitted to be due, with interest, giving the defendants a verdict against the plaintiff for the balance. The verdict, however, as finally rendered, was a verdict in favor of the plaintiff against the defendants for the sum of $3,750, and, if the jury intended to find such a verdict, I think the court was right in setting it aside as excessive. I think the court should have instructed the jury, in answer to the question asked by them, as to the inference they were justified in drawing from the receipt by the defendants of the plaintiff's letter of December 24, 1894, claiming that the contract was broken, and the invoices sent subsequent thereto. It is quite evident from the questions asked by the jury and the verdict rendered that there was some confusion about just the question that they were to determine, and as to the form of their verdict, and the refusal of the court to clear up this confusion resulted in the verdict which was set aside.

Under the circumstances, we think there should be a new trial, and the order appealed from is affirmed, with costs. All concur.